**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Aurelio RODRIGUEZ–MONGE,**
**Defendant–Appellant.**

**No. 06–50447**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, for Plaintiff–Appellee.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Aurelio Rodriguez–Monge pleaded guilty, without a plea agreement, of conspiracy and possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. He appeals his sentence.

Rodriguez–Monge argues that the district court misapplied U.S.S.G. § 2D1.1(b)(4) or, alternatively, clearly erred in finding that he could have foreseen that the methamphetamine was imported from Mexico. He argues that § 2D1.1(b)(4) applies only if the defendant

---

knew that his offense involved the importation of methamphetamine.

Although the guidelines are advisory, the district court must still consider and take them into account. *United States v. Villegas*, 404 F.3d 355, 360 (5th Cir.2005). We continue to review the district court's interpretation and application of the guidelines de novo and its factual findings for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 & n. 9 (5th Cir.), *cert. denied*, — U.S. ——, 126 S.Ct. 268, 163 L.Ed.2d 241 (2005); *Villegas*, 404 F.3d at 359.

Assuming, without deciding, that proof of knowledge is required, the record evidence was sufficient for the district court to find by a preponderance of the evidence that Rodriguez–Monge had knowledge of the workings of the conspiracy, including the fact that the conspiracy's source of methamphetamine was in Mexico. The judgment of sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.